UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHERYL BOROWSKI,<br><br>Plaintiff,<br><br>v.<br><br>KEAN UNIVERSITY et al.,<br><br>Defendants. | Civ. No. 2:20-cv-5172 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.**

Plaintiff Cheryl Borowski ("Plaintiff"), a former adjunct professor at Kean University, brings this action against the University and certain related defendants seeking redress under 42 U.S.C. § 1983, the New Jersey Civil Rights Act, and common law. Plaintiff alleges she was unlawfully relieved of her teaching duties after students reported she made offensive remarks while teaching. Plaintiff also alleges the administrative appeals process she pursued to challenge her termination was unconstitutional. This matter is now before the Court on two motions: a motion to dismiss by Defendants Kean University ("Kean"), Dawood Farahi, Charles Williams, Stephen Kubow, Kenneth Green, and Faruque Chowdhury (collectively, the "Kean Defendants") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), ECF No. 8; and a motion to dismiss by Defendant Christopher Myers pursuant to the same, ECF No. 10. For the reasons set forth below, the motions are **GRANTED**.

**I.    BACKGROUND**

Plaintiff is an attorney and a former adjunct professor at Kean's Toms River campus in Toms River, New Jersey.[1] Compl. ¶ 4, ECF No. 1. Kean is a public university with a main campus in Union, New Jersey. *Id.* ¶ 5. Defendants Dawood Farahi, Charles Williams, Stephen Kubow, Kenneth Green, and Faruque Chowdhury are Kean employees in various leadership and senior management positions. *Id.* ¶¶ 6-10. Defendant Christopher Myers is the Director of the Division of Appeals and Regulatory Affairs for

---

[1] For the purpose of deciding the instant motions, the Court draws all facts from Plaintiff's Complaint and the documents incorporated therein, accepting all well-pleaded allegations as true and interpreting them in the light most favorable to Plaintiff. *See Cuevas v. Wells Fargo Bank, N.A.*, 643 F. App'x 124, 125-26 (3d Cir. 2016).

the New Jersey Civil Service Commission ("Civil Service Commission").[2] Ex. 5, Compl., ECF No. 1-6; Ex. 7 at 3, Compl., ECF No. 1-8.

In 2016, Kean employed Plaintiff, as it had done the past five years, to teach an undergraduate business law course. Compl. ¶ 12, ECF No. 1. Plaintiff's teaching method involved presenting students with hypothetical, controversial legal issues to promote debate and critical thinking. *Id.* ¶ 13. In March of 2016, Plaintiff received an email from Defendant Kubow scheduling a meeting to discuss concerns raised by students in her class. *Id.* ¶ 14. Plaintiff was unable to attend the meeting and learned that the matter had been referred to Kean's Human Resources Department. *Id.* ¶¶ 15-16. Two weeks later, Defendant Kubow informed Plaintiff that Kean was removing her from the class and no longer required her teaching services, but would compensate her for the entire course. *Id.* ¶¶ 17-18. Defendant Chowdhury clarified that Kean was not terminating Plaintiff, but rather initiating an "administrative process" based on the students' concerns. *Id.* ¶ 20.

On May 2, 2016, by way of letter from Defendant Williams, Kean explained to Plaintiff that she had been named as a respondent in a complaint alleging she made remarks in class about gender, immigration status, nationality, ethnicity, and religion that were offensive and in violation of the New Jersey State Policy Prohibiting Discrimination in the Workplace (the "State Workplace Policy"). *Id.* ¶ 22. Kean investigated the matter, during which it notified Plaintiff that her teaching contract would not be renewed for the following academic term. *Id.* ¶¶ 25-28. On October 6, 2016, Kean sent Plaintiff a final determination letter advising her it had completed the investigation and found her remarks to be a violation of the State Workplace Policy. *Id.* ¶ 29. Kean's letter further advised that she could appeal the determination to the Civil Service Commission. *Id.*

Plaintiff timely appealed. *Id.* ¶ 30. The Civil Service Commission referred the matter for a hearing before an Administrative Law Judge ("ALJ"), who conducted a three-day hearing in June of 2018. *Id.* ¶¶ 36, 41. In the midst of the parties' post-hearing briefing, the Civil Service Commission declared in a separate matter involving another Kean professor that professors and adjunct professors are not considered Civil Service employees and therefore do not have the right to appeal a State Workplace Policy determination. *Id.* ¶¶ 44-45. As the Civil Service Commission's Director of the Division of Appeals and Regulatory Affairs, Defendant Myers notified the ALJ that the Civil Service Commission consequently did not have jurisdiction over Plaintiff's appeal. *Id.* ¶ 45; Ex. 5, Compl., ECF No. 1-6. The ALJ dismissed Plaintiff's appeal by Order dated October 23, 2018. Compl. ¶ 46, ECF No. 1; Ex. 6, Compl., ECF No. 1-7. Plaintiff appealed the dismissal to the Civil Service Commission, which issued a final agency decision on November 23, 2018, affirming the ALJ's ruling and dismissing Plaintiff's appeal for lack of jurisdiction. Compl. ¶ 48, ECF No. 1; Ex. 7, Compl., ECF No. 1-8.

---

[2] Contrary to Plaintiff's Complaint, Defendant Myers is not the Director of the Civil Service Commission, but of a particular division within it.

As a result of the above events, Plaintiff filed the Complaint in this matter on April 28, 2020, seeking declaratory and injunctive relief and damages on eight causes of action. Count I alleges the Kean Defendants violated Plaintiff's First Amendment rights by terminating her contract pursuant to the facially unconstitutional State Workplace Policy. Compl. ¶¶ 53-64, ECF No. 1. Count II further alleges that Plaintiff's termination violated her procedural and substantive due process rights under the Fourteenth Amendment. *Id.* ¶¶ 65-68. Count III alleges Defendant Myers violated her procedural due process rights under the Fourteenth Amendment by informing the ALJ that the Civil Service Commission did not have jurisdiction over the appeal. *Id.* ¶¶ 70-76. Count IV alleges Defendant Myers's conduct also violated her right to equal protection under the Fourteenth Amendment by excluding adjunct professors from the right appeal State Workplace Policy violations. *Id.* ¶¶ 77-79. Count V alleges Defendant Myers engaged in civil conspiracy with unidentified individuals. *Id.* ¶¶ 81-89. And lastly, Counts VI through VIII allege Defendants violated the analogous provisions of the New Jersey State Constitution and subjected Plaintiff to intentional infliction of emotional distress. *Id.* ¶¶ 90-97.

The Kean Defendants and Defendant Myers now each move to dismiss the Complaint based on abstention under *Younger v. Harris*, 401 U.S. 37 (1971), for lack of subject matter jurisdiction by virtue of Eleventh Amendment sovereign immunity, and for failure to state a claim. The matter is fully briefed, and the Court decides the motion on the papers without oral argument. Fed. R. Civ. P. 78(b).

## II.   LEGAL STANDARD

The Kean Defendants and Defendant Myers move to dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and while the Court would ordinarily recite the legal standards for both provisions, it is not necessary to do so here, where the Court finds that *Younger* abstention alone warrants dismissal.

"A *Younger* analysis is not strictly within either Rule 12(b)(1) or Rule 12(b)(6)," but the Third Circuit has explained that the analysis is "in the nature of a 12(b)(6) motion in that matters outside of the pleadings are not to be considered." *Tobia v. Lakewood Bd. of Educ.*, No. 16-4850 (MLC), 2017 WL 1206010, at *3 (D.N.J. Mar. 31, 2017) (quoting *Gwynedd Properties, Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1206 n. 18 (3d Cir. 1992)). The Court "must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). The Court must also accept all well-pleaded allegations in the Complaint as true and view them in the light most favorable to the Plaintiff. *Id.* at 229.

## III.   ANALYSIS

The Kean Defendants and Defendant Myers invoke *Younger* and argue that this Court should abstain from exercising jurisdiction over this matter because of Plaintiff's underlying state administrative proceeding before the Civil Service Commission. Kean Br. at 15-21, ECF No. 8-1; Myers Br. at 22-27, ECF No. 10-1.

"Jurisdiction existing, . . . a federal court's 'obligation' to hear and decide a case is 'virtually unflagging.'" *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). "Parallel state-court proceedings do not detract from that obligation." *Id. Younger* and its progeny, however, recognized that there are certain "exceptional circumstances" to this general rule where notions of comity between the federal and state governments warrant preclusion of federal interference with ongoing state proceedings. *Id.* at 77-78; *see also*, *Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453, 461 (3d Cir. 2019) (citing same)). In other words, "*Younger* requires federal courts to abstain from deciding cases that would interfere with certain ongoing state proceedings." *Malhan*, 938 F.3d at 461. There are only three "exceptional categories" of state proceedings to which *Younger* applies: (1) "ongoing state criminal prosecutions"; (2) "certain 'civil enforcement proceedings'"; and (3) "pending 'civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint*, 571 U.S. at 78-79 (citation omitted).

This Court recently ruled in *Schuman v. Kean University*, a similar case between a former professor and Kean, that an administrative disciplinary action initiated by Kean and appealed to the Civil Service Commission qualifies as a type of civil enforcement proceeding within *Sprint*'s second category of cases. *Schuman v. Kean Univ.*, No. 19-20413, 2020 WL 3446314, at *2 (D.N.J. June 24, 2020), *reconsideration denied*, No. 19-20413, 2020 WL 7488066 (D.N.J. Dec. 11, 2020), *appeal docketed*, No. 20-3523 (3d Cir. Dec. 15, 2020). In *Schuman*, as in the instant case, the plaintiff sought to challenge her alleged violation of the State Workplace Policy, which Kean, as a state institution, intended to enforce to sanction alleged wrongful conduct. *Schuman*, 2020 WL 3446314, at *2. The Court found Kean's disciplinary action was indeed characteristic of a civil enforcement proceeding, which is typically "initiated to sanction the federal plaintiff, *i.e.*, the party challenging the state action, for some wrongful act." *Sprint*, 571 U.S. at 79. For example, the Supreme Court has extended *Younger* to the following ongoing civil enforcement proceedings: (1) state-initiated administrative proceedings to enforce state civil rights laws, *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619 (1986); (2) state-initiated proceedings to gain custody of children allegedly abused by their parents, *Moore v. Sims*, 442 U.S. 415, 419-20 (1979); (3) civil proceeding "brought by the state in its sovereign capacity" to recover welfare payments defendants had allegedly obtained by fraud, *Trainor v. Hernandez*, 431 U.S. 434, 444 (1977); (4) state-initiated proceeding to enforce obscenity laws, *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975); (5) state-initiated disciplinary proceedings against a lawyer for violation of state ethics rules, *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 433-34

4

(1982). The Court then went on to find the administrative action in *Schuman* more akin to the state proceeding in *Gonzales v. Waterfront Comm'n of N.Y. Harbor*, 755 F.3d 176, 182 (3d Cir. 2014), wherein the Civil Service Commission initiated an administrative disciplinary hearing to sanction the plaintiff for conduct the State deemed contemptible, than to the state proceeding in *ACRA Turf Club v. Zanzuccki*, 748 F.3d 127, 138 (3d Cir. 2014), wherein there was no evidence that the proceeding was commenced to sanction the plaintiff for some wrongful act. *Schuman*, 2020 WL 3446314, at *2.

The Court applies this same reasoning here to find Plaintiff's federal claims are related to a civil enforcement proceeding to which *Younger* applies. In doing so, the Court does not resolve the questions of whether Kean qualifies as the state for purposes of the Eleventh Amendment and whether it is a person amenable to suit under 42 U.S.C. § 1983. As the Court stated in *Schuman*, it is sufficient for *Younger* purposes that Kean, a public university of the State of New Jersey, seeks to impose disciplinary consequences pursuant to the State Workplace Policy. *Schuman*, 2020 WL 3446314, at *3 (citing N.J.A.C. 4A:7-3.1 (providing that "the State and its agencies reserve the right to take either disciplinary action . . . or other corrective action, to address any unacceptable conduct that violates this policy . . . .")).

The next step of the *Younger* analysis requires the Court to consider whether the three *Middlesex* factors are satisfied. *See Sprint*, 571 U.S. at 81 (noting that after concluding a state proceeding is quasi-criminal, the three *Middlesex* conditions are "additional factors appropriately considered by the federal court before invoking *Younger*"). These factors include: (1) whether there is an ongoing state proceeding that was judicial in nature; (2) whether that proceeding implicates important state interests; and (3) whether the state proceeding provides an adequate opportunity for Plaintiff to raise her federal claims. *See PDX N., Inc. v. Comm'r New Jersey Dep't of Lab. & Workforce Dev.*, 978 F.3d 871, 883 (3d Cir. 2020) (citing *Middlesex Cnty. Ethics Comm.*, 457 U.S. at 432).

As to the first factor, the Court finds Kean's investigation, Plaintiff's appeal of her disciplinary determination to the Civil Service Commission, the three-day hearing before the ALJ, and the appeal of the ALJ's decision to the Civil Service Commission constitute a state proceeding that was judicial in nature. The parties dispute, however, whether Plaintiff's state proceeding may be considered "ongoing" or "pending" insofar as Plaintiff filed this federal action in lieu of appealing the Civil Service Commission's final agency decision to the Appellate Division of the New Jersey Superior Court and raising her constitutional claims there.

The United States Court of Appeals for the Third Circuit addressed these very circumstances in *O'Neill v. City of Philadelphia*, 32 F.3d 785 (3d Cir. 1994). In *O'Neill*, the City of Philadelphia (the "City") issued violation notices to plaintiffs for unpaid parking tickets, which the plaintiffs then contested at a hearing before the City's Bureau of Administrative Adjudication ("BAA"). 32 F.3d at 788. The BAA hearing officer issued

determinations on the plaintiffs' liabilities for their unpaid tickets. *Id.* Instead of appealing the hearing officer's determinations and raising their constitutional claims through the state forum, the plaintiffs filed a § 1983 action in federal court challenging the constitutionality of the City's parking ticket procedures. *Id.* at 788-89. The question presented to the Court, and the same question presented here, was "whether a state proceeding is 'pending,' and *Younger* abstention proper, where the adjudicatory process has become final as a result of the federal claimant's failure to pursue state-court judicial review of an unfavorable state administrative determination." *Id.* at 790. Finding "no reason why a litigant in a state administrative proceeding should be permitted to forego state-court judicial review of the agency's decision in order to apply for relief in federal court," and citing notions of comity and the importance of preventing federal intervention into States' efforts to protect their interests, the Court ruled in the affirmative, holding state proceedings remain "pending" within the meaning of *Younger* abstention where: (1) "a coercive administrative proceeding has been initiated by the State in a state forum"; (2) "adequate state-court judicial review of the administrative determination is available to the federal claimants"; and (3) "the claimants have chosen not to pursue their state-court judicial remedies, but have instead sought to invalidate the State's judgment by filing a federal action." *Id.* at 790-91.

Applying that framework here, the Court finds Plaintiff's underlying state administrative proceeding is "pending" for purposes of *Younger* abstention. Like the action taken by the City of Philadelphia to enforce its parking tickets against the plaintiffs in *O'Neill*, the action taken by Kean is coercive, initiated by Kean (the state) to enforce a violation of the State Workplace Policy (state law). *See O'Neill*, 32 F.3d at 791 n.13 (explaining the distinction between coercive and remedial administrative proceedings). Once the Civil Service Commission issued a final agency decision, Plaintiff had the opportunity to appeal as of right to the Appellate Division of the Superior Court. N.J. Ct. R. 2:2-3(a)(2) ("[A]ppeals may be taken to the Appellate Division as of right . . . to review final decisions or actions of any state administrative agency or officer, and to review the validity of any rule promulgated by such agency or officer . . . ."); *see also* Ex. 7 at 3, Compl., ECF No. 1-8 ("This is the final administrative determination in this matter. Any further review should be pursued in a judicial forum."). Plaintiff did not exercise that right, and instead filed this § 1983 action challenging the constitutionality of the State Workplace Policy and the administrative appeals process before the Civil Service Commission. Pl. Opp'n to Kean at 25, ECF No. 15. Consequently, the Court considers Plaintiff's underlying state administrative proceeding to be "pending." The first *Middlesex* factor—whether there is an ongoing state proceeding that was judicial in nature—is therefore satisfied.

The second *Middlesex* factor—whether the proceeding implicates important state interests—is also satisfied. The State of New Jersey and its agencies have a vital interest not only in the enforcement of the State Workplace Policy, but also in whether the Civil Service Commission may exercise jurisdiction over determinations of State Workplace Policy violations. *See, e.g.*, *Schuman*, 2020 WL 3446314, at *3 ("The state proceeding

constitutes an attempt to vindicate important state interests, namely enforcing its policy prohibiting discrimination in the workplace.").

The third *Middlesex* factor requires the Court to consider whether the state proceeding provides an adequate opportunity for Plaintiff to raise her federal claims. "[T]his third element is satisfied in the context of a state administrative proceeding when the federal claimant can assert [her] constitutional claims during state-court judicial review of the administrative determination." *O'Neill*, 32 F.3d at 792 (citations omitted). Plaintiff bears the burden of demonstrating that state procedural law bars presentation of her claims. *See Local 194, Int'l Fed'n of Prof'l & Tech. Engineers, AFL-CIO v. The New Jersey Turnpike Auth.*, No. 11-1653 (JLL), 2011 WL 1547473, at *7 (D.N.J. Apr. 21, 2011); *Local 54 Patrolman's Benevolent Ass'n v. Fontoura*, No. 06-6278 (SDW), 2007 WL 4165158, at *5 (D.N.J. Nov. 19, 2007). When, as here, "a litigant has not attempted to present [her] federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *O'Neill*, 32 F.3d at 792 (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)) (internal quotation marks omitted).

Since Plaintiff's initial appeal to the Civil Service Commission, she has maintained that the State Workplace Policy is "unconstitutionally overbroad and vague" and that Kean violated her "academic freedom, freedom of speech, due process and other rights" when it removed her from teaching pursuant to the Policy. *See* Ex. 3 ¶¶ 13, 16, Compl., ECF No. 1-4. Plaintiff has failed to explain why she could not have asserted these claims or her other constitutional claims challenging the Commission's lack of jurisdiction in an appeal to the Appellate Division of the Superior Court. The Court recalls that in *Schuman*, it found that plaintiff's appeal to the Appellate Division "offer[ed] an adequate opportunity for Plaintiff to raise her constitutional claims [as] evidenced by the fact that Plaintiff already [had]." *Schuman*, 2020 WL 3446314, at *3. The Court assumes that to be true here: that the state forum available to Plaintiff on appeal would have afforded her an adequate opportunity to raise her constitutional claims had she pursued the appeal. Accordingly, the third and final *Middlesex* factor is satisfied.

Having concluded that Plaintiff's underlying state administrative proceeding constitutes an ongoing civil enforcement proceeding that implicates vital state interests and provided Plaintiff an adequate opportunity to raise her federal claims, the Court finds *Younger* abstention is appropriate here. The Court will decline to exercise jurisdiction over the present action.[3]

## IV. CONCLUSION

---

[3] In declining to exercise jurisdiction, the Court does not reach the parties' additional arguments concerning Eleventh Amendment immunity, qualified immunity, or failure to state claim raised in the motions to dismiss.

For the foregoing reasons, the Kean Defendants' motion to dismiss, ECF No. 8, and Defendant Myers's motion to dismiss, ECF No. 10, are **GRANTED**. Plaintiff's Complaint, ECF No. 1, is **DISMISSED** with prejudice.

An appropriate Order accompanies this Opinion.

WILLIAM J. MARTINI, U.S.D.J.

**Date: March 23, 2021**