UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHERYL BOROWSKI,**<br><br>   **Plaintiff,**<br><br>   v.<br><br>**KEAN UNIVERSITY et al.,**<br><br>   **Defendants.** | Civ. No. 2:20-cv-5172 (WJM)<br><br>OPINION |

### WILLIAM J. MARTINI, U.S.D.J.

Plaintiff Cheryl Borowski ("Plaintiff"), a former adjunct professor at Kean University, brought this action against the university, certain related defendants, and a director of a division at the New Jersey Civil Service Commission seeking redress under 42 U.S.C. § 1983, the New Jersey Civil Rights Act, and common law. Before the Court is Plaintiff's motion, pursuant to Local Rule 7.1(i), for reconsideration of this Court's February 2024 Opinion and Order dismissing the Complaint. ECF No. 42. For the reasons set below, Plaintiff's Motion for Reconsideration is **DENIED.** Plaintiff's request in the alternative for leave to amend her First Amendment claim is **GRANTED**.

### I.     BACKGROUND

The Court assumes familiarity with this matter, as the pertinent facts were discussed at length in this Court's February 15, 2024 Opinion and Order granting Defendants' motions to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF Nos. 40-41. Accordingly, the Court will only discuss the facts relevant to the instant motion.

Plaintiff is a former adjunct professor at the Toms River, New Jersey campus of Kean University ("Kean"). Defendants Dawood Farahi, Charles Williams, Stephen Kubow, Kenneth Green, and Faruque Chowdhury (collectively, the "Individual Kean Defendants" and together with Kean, the "Kean Defendants") are Kean employees in various leadership and senior management positions. At the time this matter was filed, Defendant Allison Chris Myers[1] was the Director of the Division of Appeals and Regulatory Affairs for the New Jersey Civil Service Commission ("Commission").[2]

---

[1] Previously known as Christopher Myers.
[2] Defendant Myers is currently the Chair & Chief Executive Officer of the Commission.

In 2016, Plaintiff was employed by Kean to teach an undergraduate business law course. In March of 2016, Defendant Kubow informed Plaintiff that concerns had been raised by students in her class. Soon after, Plaintiff was removed from the class but told that she would be compensated for the entire course. In May 2016, Plaintiff was named as a respondent in a complaint alleging that she made remarks in class about gender, immigration status, nationality, ethnicity, and religion that were in violation of the New Jersey State Policy Prohibiting Discrimination in the Workplace (the "State Workplace Policy"). Kean informed Plaintiff that her teaching contract would not be renewed for the following academic term, and, after an investigation, sent Plaintiff a final determination letter advising her that it found her remarks to be a violation of the State Workplace Policy.

Plaintiff appealed the determination to the Commission. The case was ultimately dismissed by an Administrative Law Judge ("ALJ") after Defendant Myers and the deputy attorney general representing Kean notified the ALJ that adjunct professors are not considered Civil Service employees and therefore do not have the right to appeal a State Workplace Policy determination to the Commission. On November 23, 2018, the Commission issued a final agency decision affirming the ALJ's ruling and dismissing Plaintiff's appeal for lack of jurisdiction.

## II. PROCEDURAL HISTORY

As a result of the above events, Plaintiff filed her Complaint in this matter on April 28, 2020, seeking declaratory and injunctive relief and damages on eight causes of action. On February 15, 2024, this Court issued an opinion and order ("February 2024 Opinion") dismissing Plaintiff's Complaint on Eleventh Amendment immunity, qualified immunity, and failure to state a claim grounds pursuant to Rules 12(b)(1) and 12(b)(6). The Court also declined to exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff now seeks reconsideration of the Court's February 2024 Opinion.

## III. LEGAL STANDARD

"[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). The scope of a motion for reconsideration is "extremely limited" and should not be used as an "opportunity to relitigate the case." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011).

## IV. ANALYSIS

### A. First Amendment Claim

In her Complaint, Plaintiff raised a facial challenge against the State Workplace Policy, alleging that it is "facially unconstitutional for three reasons: (1) it is neither content nor viewpoint neutral; (2) many of its provisions are unconstitutionally vague; (3) many of its provisions are unconstitutionally overbroad." Compl. ¶ 61. The Court dismissed

2

Plaintiff's First Amendment claim for non-declaratory relief against Kean and the Individual Kean Defendants in their official capacities pursuant to Eleventh Amendment immunity and dismissed the remainder of Plaintiff's First Amendment claim against the Individual Kean Defendants for failure to state a claim under Rule 12(b)(6).

### 1. Addressing Merits of Claim

In her moving brief, Plaintiff argues that the Court failed to address whether Plaintiff is entitled to declaratory relief on her First Amendment claim against the Individual Kean Defendants. Mov. Br. 2, ECF No. 42. In the February 2024 Opinion, the Court found that to the extent her First Amendment claim was not barred under the Eleventh Amendment, the claim was dismissed because Plaintiff failed to state a claim under Rule 12(b)(6). Op. at 9-10, ECF No. 40. Thus, the Court did not "sidestep" the issue and was not required to address the merits of this claim at the motion to dismiss stage. *See Block v. Seneca Mortg. Servicing*, 221 F. Supp. 3d 559, 571 (D.N.J. 2016) ("[A] motion to dismiss for failure to state a claim upon which relief can be granted does not attack the merits of the action but merely tests the legal sufficiency of the complaint.").

### 2. Failure to State a Claim

Plaintiff next argues that in dismissing Plaintiff's First Amendment claim under Rule 12(b)(6), the Court misapplied the holdings of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Plaintiff contends that by alleging that she was charged with violating the State Workplace Policy for her remarks during class, she "provide[d] the factual backdrop to satisfy the pleading requirements under *Twombly*" and set forth a plausible claim for relief under *Fowler* because her charge "violates the requirement that government regulation of speech be content and viewpoint neutral, and thereby violate[s] Plaintiff's freedom of speech under the First Amendment." Mov. Br. 4-5.

"A facial attack tests a law's constitutionality based on its text alone and does not consider the facts or circumstances of a particular case." *United States v. Marcavage*, 609 F.3d 264, 273 (3d Cir. 2010). In the First Amendment context, "a law may be invalidated as overbroad if a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *United States v. Stevens*, 559 U.S. 460, 473 (2010) (citation and internal quotations omitted); *see also Bruni v. City of Pittsburgh*, 941 F.3d 73, 91-92 (3d Cir. 2019). For a vagueness challenge, "[a] statute can be impermissibly vague . . . if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits [or] if it authorizes or even encourages arbitrary and discriminatory enforcement." *Hill v. Colorado*, 530 U.S. 703, 732 (2000). However, speculation about vagueness in hypothetical situations not before the Court "will not support a facial attack on a statute when it is surely valid in the vast majority of its intended applications." *Brown v. City of Pittsburgh*, 586 F.3d 263, 291 n.34 (3d Cir. 2009) (internal quotations omitted) (quoting *Hill*, 530 U.S. at 733). Additionally, "[t]he Court has often considered facial challenges simply by applying the relevant constitutional test to the challenged statute[.]" *Bruni v. City of Pittsburgh*, 824 F.3d 353, 363 (3d Cir. 2016). For a

free speech claim, the "framework typically begins with an assessment of whether the challenged law restricts speech based upon its content." *Id.*; *see also Hill*, 530 U.S. at 723 n.31 (noting that content-based regulations extend to restrictions on particular viewpoints as well as topics). Then, the Court assesses the "type of forum in which the relevant speech [took] place[,]" which in turn "determines the contours of the First Amendment rights that a court recognizes when reviewing the challenged governmental action." *Porter v. City of Philadelphia*, 975 F.3d 374, 386 (3d Cir. 2020) (citation and internal quotations omitted).

Based upon the above considerations, Plaintiff's allegation in her Complaint that she was charged with violating the State Workplace Policy because of her in-class remarks is not sufficient on its own to "allow[] the court to draw the reasonable inference that the defendant[s] [are] liable" for the facial overbreadth, vagueness, and free speech claims alleged, and thus do not "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). As discussed in the February 2024 Opinion, Plaintiff's Complaint does not allege any specific facts about provisions of the policy at issue other than attaching the six-page policy in its entirety as an exhibit. Additionally, Plaintiff merely pleads a "formulaic recitation of the elements of [the] cause[s] of action" and cites generally to several federal and state appellate decisions that she posits are in support of her legal conclusions. Op. at 9-10. Accordingly, Plaintiff has not identified any clear error of law or fact regarding the Court's dismissal of this claim.

### 3. Leave to Amend

Plaintiff asserts that in the alternative, "since the court dismissed the claim without prejudice, the court should grant leave to amend to correct whatever pleading deficiencies it perceives exist." Mov. Br. at 7. The Court will **grant** Plaintiff's request for leave to amend her First Amendment claim. Plaintiff may amend her claim, consistent with this Opinion and in strict accordance with L. Civ. R. 15.1, no later than **July 12, 2024.**

## B. Procedural Due Process Claim against the Kean Defendants

Plaintiff next argues that she properly alleged her procedural due process claim against the Kean Defendants. Mov. Br. 7. In the February 2024 Opinion, the Court found that the Individual Kean Defendants were entitled to qualified immunity because Plaintiff failed to show a deprivation of her procedural due process rights. Op. at 12. To allege such a claim, the Court must inquire "(1) whether the asserted individual interests are encompassed within the fourteenth amendment's protection of life, liberty, or property; and (2) whether the procedures available provided the plaintiff with due process of law." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000) (citation and quotation marks omitted).

Regarding the first prong, the Court held that Plaintiff failed to show a deprivation of a liberty interest in her employment because her allegation that her removal from Kean caused her to subsequently be rejected from other job positions was "nothing more than speculation[.]" Op. at 12. In her moving brief, Plaintiff takes issue with the Court's statement that she "pleads no facts that permit a reasonable inference that 'the decision not

4

to rehire [her] was, in fact, based on [her] free speech[.]'" Op. at 12 (quoting *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 574-75 (1972)). Plaintiff maintains that her Complaint sufficiently raises a causal connection between her speech and "the decision not to rehire" her. Mov. Br. 7-8. However, what is relevant to the Court's analysis is whether Plaintiff's removal from Kean caused her subsequent job applications to be rejected, not whether Plaintiff's in-class remarks caused her to be removed from Kean. As such, while the Court notes that an ambiguity arises from its use of "rehire,"[3] it is not material to the Court's ultimate conclusion that Plaintiff failed to plead the first prong of a procedural due process claim because she failed to allege facts suggesting that her removal from Kean caused her to be denied from other positions.

Also, the Court held that Plaintiff's claim separately failed because she did not adequately plead the second prong of a procedural due process claim, namely, that she was not afforded procedures that gave her due process of law. Op. at 12. Thus, Plaintiff has not identified an error of law or fact on this claim that, if left uncorrected, would result in manifest injustice.

### C. Procedural Due Process Claim against Defendant Myers

Plaintiff next argues that the Court's dismissal of her procedural due process claim against Defendant Myers is contrary to *Patsy v. Florida Board of Regents*, 457 U.S. 496 (1982), which held that a plaintiff is not required to exhaust state court remedies before filing a lawsuit under 42 U.S.C. § 1983. Mov. Br. 8. The Court found that Plaintiff failed show a violation of her procedural due process rights for qualified immunity purposes because she did not demonstrate that she availed herself of the procedures provided to her by the Commission and Appellate Division, as required under the Third Circuit's holding in *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). Op. at 13-14. However, as noted in the February 2024 Opinion, the *Alvin* Court explicitly stated that its requirements for procedural due process claims were distinct "from exhaustion requirements that exist in other contexts[,]" including the requirement under *Patsy*. *See* Op. at 13 n.11 (internal quotations omitted) (quoting *Alvin*, 227 F.3d at 116). Thus, Plaintiff's argument does not raise a clear error of law or fact on this claim that warrants reconsideration.

### D. Equal Protection Claim

Lastly, Plaintiff argues that the Court "erroneously relied" on *Mildner v. Gulotta*, 405 F. Supp. 182 (E.D.N.Y. 1975) in dismissing her Equal Protection claim. Mov. Br. 9. In her Complaint, Plaintiff alleged that the State Workplace Policy violates the Equal Protection Clause because it allows some public employees charged with violating the policy to appeal an unfavorable determination while other public employees, such as professors, are not allowed. Compl. ¶ 78.

---

[3] The Court notes that Plaintiff did not provide details regarding the specific jobs to which she applied, though paragraph 51 of her Complaint suggests that she attempted to apply for other state employment. The Court used "rehire" to refer to the state rehiring Plaintiff for a new position, not for her former position at Kean.

In the February 2024 Opinion, the Court cited to *Mildner* for the general principle that "identification of differing treatment is only the beginning of an equal protection inquiry[,]" because a state may have a legitimate reason to justify the differing treatment. Op. at 14 (quoting *Mildner*, 405 F. Supp. at 193). The Court also cited to the outcome in *Mildner*, which held that a disparity in the disciplinary appellate rights afforded to attorneys compared to other New York state professionals did not violate the Equal Protection Clause, to generally support its finding that equal appellate rights under the State Workplace Policy were not "clearly established" for qualified immunity purposes. Op. at 14.

Relying on the *Mildner* Court's finding that the "special relationship" between attorneys and courts justified the disparity in the appellate rights among New York state professionals, Plaintiff now argues that her equal protection claim should be reinstated because Defendant Myers failed to plead that a similar relationship existed between professors and the State of New Jersey that would justify the disparate appellate rights afforded to New Jersey state employees under the State Workplace Policy. Mov. Br. 9-11. However, the *Mildner* Court's findings regarding the relationship between attorneys and courts in New York, and whether this relationship justified the disparity in rights among New York state professionals, is not factually or procedurally relevant to the instant case at this juncture. Thus, Plaintiff has not raised a clear error of law or fact warranting reconsideration.

## V.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration, ECF No. 42, is **DENIED** while her request in the alternative for leave to amend her First Amendment claim is **GRANTED**. Plaintiff may amend her First Amendment claim, consistent with this Opinion and in strict accordance with L. Civ. R. 15.1, no later than **July 12, 2024**.

An appropriate Order accompanies this Opinion.



*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

**Date:  June 12, 2024**