UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHERYL BOROWSKI,<br><br>Plaintiff,<br><br>v.<br><br>KEAN UNIVERSITY et al.,<br><br>Defendants. | Civ. No. 2:20-cv-5172 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.**

Plaintiff Cheryl Borowski ("Plaintiff"), a former adjunct professor at Kean University, brought this action against the university and related defendants seeking redress under 42 U.S.C. § 1983. Plaintiff alleges she was unlawfully relieved of her teaching duties after students reported she made various offensive remarks in class. ECF No. 48. Specifically, Plaintiff challenges a state policy prohibiting discrimination in the workplace, alleging the policy is facially unconstitutional. *Id.* Before the Court is a motion to dismiss by Defendants Kean University, Dawood Farahi, Charles Williams, Stephen Kubow, Kenneth Green, Faruque Chowdhury, and Allison Chris Myers pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 52. The Court decides the matter without oral argument. Fed. R. Civ. P. 78(b). After careful consideration of the parties' submissions, and for the reasons set forth below, the motion is **GRANTED**.

I.  **BACKGROUND**

The Court assumes familiarity with the case, which has been described in previous opinions. *See* ECF Nos. 20, 40, 46. The following summary sets forth only those facts necessary to contextualize the ruling on Defendants' instant motion to dismiss.

### A. Facts Underlying the Dispute

Plaintiff is a former adjunct professor at Kean University ("Kean"), where she once taught an undergraduate course. Defendants Dawood Farahi, Charles Williams, Stephen Kubow, Kenneth Green, and Faruque Chowdhury (collectively, the "Individual Kean Defendants" and together with Kean, the "Kean Defendants") are Kean employees in various leadership and management positions. Around the time this matter was filed,

Defendant Allison Chris Myers[1] was the Director of the Division of Appeals and Regulatory Affairs for the New Jersey Civil Service Commission ("Commission").

In March 2016, Defendant Kubow informed Plaintiff that concerns about her had been raised by students in her class. Plaintiff was subsequently removed from the class but told that she would be compensated for the entire course. In May 2016, Plaintiff was named as a respondent in a complaint alleging that she made remarks in class about gender, immigration status, nationality, ethnicity, and religion in violation of the New Jersey State Policy Prohibiting Discrimination in the Workplace (the "State Workplace Policy"). Kean informed Plaintiff that her teaching contract would not be renewed, and, after an investigation, sent Plaintiff a final determination letter advising her that it found her remarks in violation of the State Workplace Policy. Plaintiff appealed the decision. The case was ultimately dismissed by an Administrative Law Judge ("ALJ") after Defendant Myers notified the ALJ that adjunct professors are not considered Civil Service employees and therefore do not have the right to appeal a State Workplace Policy determination to the Commission. On November 23, 2018, the Commission issued a final agency decision affirming the ALJ's ruling and dismissing Plaintiff's appeal for lack of jurisdiction.

### B. Procedural History

As a result of these events, Plaintiff filed her initial complaint on April 28, 2020, seeking declaratory and injunctive relief, as well as damages, on eight causes of action. ECF No. 1. Under Count One, Plaintiff alleged that the Kean Defendants violated her First Amendment rights by terminating her teaching contract pursuant to the unconstitutional State Workplace Policy. *Id.* at ¶¶ 53-64. Specifically, Plaintiff argued that the State Workplace Policy is facially unconstitutional because it is neither content nor viewpoint neutral, many of its provisions are unconstitutionally vague, and many of its provisions are unconstitutionally overbroad. *Id.* at ¶ 61.

On February 15, 2024, this Court issued an opinion and order ("February 2024 Opinion") dismissing the complaint on Eleventh Amendment immunity, qualified immunity, and failure to state a claim grounds pursuant to Rules 12(b)(1) and 12(b)(6). ECF No. 40. With respect to Count One, the Court dismissed Plaintiff's First Amendment claim for non-declaratory relief against Kean and the Individual Kean Defendants in their official capacities pursuant to Eleventh Amendment immunity and dismissed the remainder of Plaintiff's First Amendment claim against the Individual Kean Defendants for failure to state a claim.[2] *Id.*

Plaintiff then sought reconsideration of the Court's February 2024 Opinion. ECF No. 42. Denying that motion, the Court nevertheless permitted Plaintiff to amend her First

---

[1] Previously known as Christopher Myers.

[2] The Court specified that Count One, to the extent it sought declaratory relief against the Individual Kean Defendants in their official capacities, is subject to the *Ex Parte Young* doctrine and is not barred under the Eleventh Amendment. ECF No. 40.

Amendment claim. ECF No. 46. On July 10, 2024, Plaintiff filed an Amended Complaint, raising only the facial First Amendment challenge under Count One. ECF No. 48. On September 6, 2024, the Kean Defendants and Defendant Myers (hereafter, "Defendants" unless otherwise noted) moved to dismiss the Amended Complaint. ECF No. 52. Plaintiff filed her opposition brief on September 22, and Defendants replied on September 30. ECF Nos. 53, 54.

## II. LEGAL STANDARD

A motion to dismiss for want of Article III standing is "properly brought pursuant to Rule 12(b)(1) because Article III provides jurisdictional limitations that implicate the Court's power to hear claims." *Zaftr Inc. v. Kirk*, No. 24-2702, 2024 WL 5184291, at *3 (E.D. Pa. Dec. 20, 2024) (cleaned up). "In evaluating a Rule 12(b)(1) motion, a court must first determine whether the movant presents a facial or factual attack." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). "A facial attack challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to consider the allegations of the complaint as true. In a facial attack, the court applies the same standard as under Rule 12(b)(6)." *Jones v. Pi Kappa Alpha Int'l Fraternity, Inc.*, 765 F. App'x 802, 805-06 (3d Cir. 2019) (citations and quotation marks omitted).

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss under Rule 12(b)(6), "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quotation marks omitted) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

## III. DISCUSSION

Plaintiff seeks a declaration from the Court that the State Workplace Policy is unconstitutional and unenforceable.[3] Am. Compl., ECF No. 48. Defendants first assert that Plaintiff lacks Article III standing to seek declaratory relief because the Amended Complaint alleges only past injury—the non-renewal of Plaintiff's teaching contract—as opposed to prospective injury. Def. Mot. 12-16, ECF No. 52. The Court will first consider whether Plaintiff has alleged facts sufficient to establish standing since, without jurisdiction, the Court cannot proceed on any cause. *See Finkelman v. Nat'l Football League*, 877 F.3d 504, 510 (3d Cir. 2017).

Article III of the Constitution empowers federal courts to hear cases and controversies. U.S. Const. art. III, § 2. To satisfy Article III's standing requirement, Plaintiff must allege facts demonstrating: (1) an "injury in fact," (2) that is "fairly

---

[3] Plaintiff also seeks unspecified damages and reasonable attorneys' fees. Am. Compl., ECF No. 48.

3

traceable" to the challenged conduct, and (3) "that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citations omitted). First, to establish an injury in fact, Plaintiff "must show an invasion of a legally protected interest that is both concrete and particularized, and actual or imminent, not conjectural or hypothetical." *Yaw v. Del. River Basin Comm'n*, 49 F.4th 302, 310-11 (3d Cir. 2022) (citations and quotation marks omitted). Second, fair traceability "requires a causal connection between the injury-in-fact and a defendant's conduct; the injury cannot result from 'the independent action of some third party not before the court.'" *Lutter v. JNESO*, 86 F.4th 111, 127 (3d Cir. 2023) (cleaned up). Third, Plaintiff must establish a likelihood that the alleged injury will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Finally, when seeking "*prospective* (forward-looking) relief in the form of an injunction or a declaratory judgment, [Plaintiff] must show that they are 'likely to suffer *future* injury.'" *Yaw*, 49 F.4th at 318 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983).

The Amended Complaint does not plead facts demonstrating Plaintiff is likely to suffer future injury that can be redressed by declaratory relief. Plaintiff alleges she was injured when her teaching contract was not renewed by Kean as a result of violating the State Workplace Policy. *See generally* Am. Compl. But she is no longer employed by Kean, and the Amended Complaint contains no allegation that she remains subject to the State Workplace Policy. *See generally id.* Prospective relief simply cannot remedy Plaintiff's alleged past harm. Further, as the Third Circuit recently observed, "for a declaratory judgment to redress an injury-in-fact, as opposed to serving as an advisory opinion, it must provide something other than the 'emotional satisfaction' of a favorable ruling." *Lutter*, 86 F.4th at 129 (quoting *Ashcroft v. Mattis*, 431 U.S. 171, 172 (1977)). Here, a declaration that the State Workplace Policy is unconstitutional "would have nothing more than an abstract value to [Plaintiff]." *Id.* Since Plaintiff fails to plead a prospective injury—and this Court will not speculate about possible future harm not alleged in the Amended Complaint—she lacks standing to seek declaratory relief.[4] The Amended Complaint is accordingly **DISMISSED**.[5]

## IV. CONCLUSION

---

[4] To the extent the Amended Complaint seeks damages against all Defendants, it must be dismissed. This court has already determined that (1) the Kean Defendants in their official capacities are "arms of the state" and thus entitled to Eleventh Amendment immunity and that (2) Defendant Myers is entitled to Eleventh Amendment immunity for any claims against her in her official capacity. *See* ECF No. 40. Any claim for damages against Defendants in their official capacities is barred by the Eleventh Amendment (and not proper under § 1983). Furthermore, to the extent the Amended Complaint seeks damages against any Defendant in their individual capacities, such claims are barred by the person's qualified immunity.

[5] The Court need not address other arguments under Rules 12(b)(1) and 12(b)(6). *Id.*

For the reasons stated above, Defendants' motion to dismiss is **GRANTED** and Plaintiff's Amended Complaint is **DISMISSED**. An appropriate order follows.

                                                      WILLIAM J. MARTINI, U.S.D.J.

Date: January 23, 2025