UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHERYL BOROWSKI,<br><br>Plaintiff,<br><br>v.<br><br>KEAN UNIVERSITY et al.,<br><br>Defendants. | Civ. No. 2:20-cv-5172 (WJM)<br><br>**OPINION AND ORDER ON MOTION FOR RECONSIDERATION** |

**WILLIAM J. MARTINI, U.S.D.J.**

Cheryl Borowski ("Plaintiff") brings this action against Kean University and related Defendants seeking redress under 42 U.S.C. § 1983. Plaintiff, a former adjunct professor at Kean, alleges she was unlawfully relieved of her teaching duties after making remarks in class that were offensive and in violation of a New Jersey state policy prohibiting discrimination in the workplace. Specifically, Plaintiff alleges the policy is facially unconstitutional under the First Amendment free speech clause. Before the Court is a motion submitted by Plaintiff under L. Civ. R. 7.1(i) asking the Court to reconsider its January 2025 Opinion and Order granting Defendants' motion to dismiss Plaintiff's amended complaint. ECF No. 57. In the alternative, she requests leave to amend the complaint again. Following oral argument, and after careful consideration of the parties' submissions, Plaintiff's motion for reconsideration is **DENIED**. Plaintiff will, however, be permitted to file a motion to amend the pleadings in accordance with L. Civ. R. 15.1.

### I.   BACKGROUND[1]

Plaintiff initiated this action on April 28, 2020. ECF No. 1. She alleged in her original complaint, among other things, that the state policy at issue violated the First Amendment, and sought declaratory and injunctive relief, as well as damages, on eight causes of action. ECF No. 1. Defendants moved to dismiss the complaint based on abstention under *Younger v. Harris*, 401 U.S. 37 (1971), for lack of subject matter jurisdiction by virtue of Eleventh Amendment sovereign immunity, and for failure to state a claim. ECF Nos. 8, 10. On March 23, 2021, this Court granted the motions to dismiss

---

[1] In the interest of judicial economy, the Court addresses only facts necessary to contextualize this ruling on Plaintiff's motion for reconsideration.

based on the *Younger* abstention doctrine after concluding Plaintiff's then-underlying state administrative action constituted an ongoing civil enforcement proceeding implicating vital state interests and providing an adequate opportunity for Plaintiff to raise her federal claim. ECF No. 20. Plaintiff appealed, the Third Circuit vacated the March 2021 judgment, and remanded the case for further proceedings. ECF Nos. 22, 26. After the Court reopened the case, Defendants filed motions to dismiss the complaint. ECF Nos. 27, 28, 29.

On February 15, 2024, this Court issued an opinion and order dismissing without prejudice Plaintiff's complaint on Eleventh Amendment immunity, qualified immunity, and failure to state a claim grounds. ECF Nos. 40, 41. Plaintiff subsequently sought reconsideration of the Court's February 2024 Opinion and Order. ECF No. 42. In the alternative, Plaintiff asked the Court to grant leave to amend the First Amendment claim to correct any pleading deficiencies. *See id.* The Court denied the motion but granted Plaintiff's request to amend the First Amendment claim. ECF No. 46. On July 10, 2024, Plaintiff filed an amended complaint alleging the First Amendment violation. ECF No. 48. Defendants moved to dismiss the amended complaint, arguing that Plaintiff, who no longer works for Kean or the state and is thus not subject to the policy, failed to plead forward-looking injury and lacked standing to seek declaratory relief. ECF No. 52. Defendants also maintained that Plaintiff failed to invoke this Court's jurisdiction under the doctrine of *Ex Parte Young* and that her facial challenge lacked merit under Rule 12(b)(6). *See id.* In opposition, Plaintiff argued that this Court has standing but also asked for permission to further amend the complaint to request as relief the purging of her personnel file. ECF No. 53. Plaintiff did not file a motion for leave to amend.

On January 23, 2025, this Court dismissed Plaintiff's amended complaint. ECF Nos. 55, 56. The Court, rejecting Plaintiff's assertions of harm as speculative, held that the amended complaint failed to allege prospective injury and Plaintiff accordingly lacked standing to seek declaratory relief. ECF No. 55. On February 6, 2025, Plaintiff filed a motion for reconsideration, asking the Court to reconsider its January 2025 Opinion and Order. ECF No. 57. In the alternative, Plaintiff requests permission to file a second amended complaint that prays for prospective relief—e.g., the purging of her file. *Id.* On February 18, 2025, Defendants filed a letter brief opposing the motion. ECF No. 58. On April 15, 2025, the Court held oral argument on the motion for reconsideration and Plaintiff's request to file a second amended complaint. *See* ECF No. 59.

## II.    DISCUSSION

### *Motion for Reconsideration*

"[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Plaintiff advances one basis for seeking for reconsideration here: the need to

correct a clear error of law or fact, or to prevent manifest injustice. Mov. Br. 1-2, ECF No. 57. To succeed, Plaintiff "must show that the court overlooked a factual or legal issue that may alter the disposition of the matter, such as when dispositive factual matters or controlling decisions of law were brought to the court's attention, but not considered." *Einhorn v. Kaleck Bros.*, 713 F. Supp. 2d 417, 426 (D.N.J. 2010) (quoting *Marshak v. Treadwell*, No. 95–3794, 2008 WL 413312 at *5 (D.N.J. 2008)). A motion for reconsideration "does not permit a Court to rethink its previous decision, rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Buffa v. New Jersey State Dept. of Judiciary*, 56 Fed. Appx. 571, 575 (3d Cir. 2003).

Plaintiff argues that the Court erred by (1) finding that the amended complaint does not plead facts establishing she is likely to suffer future injury redressable by declaratory relief and (2) concluding that a declaration stating the policy at issue is unconstitutional would provide only abstract value. Mov. Br. 2. In support of her argument, Plaintiff points to passages in the amended complaint that purportedly "impl[y]" that the record of her alleged violation of the policy stands as a "scarlet letter" ultimately entitling her to relief. *Id.* at 3. For example, one highlighted passage from the amended complaint states that since Plaintiff was relieved from her Kean duties, she has not found a new teaching job and "believes that her failure to be hired for these positions is attributable to her having been abruptly terminated from her teaching position at Kean midway through the semester." *Id.* at 2 (citing Amended Compl. ¶ 50). The Court is not convinced that this or any other section of the amended complaint sufficiently pleads prospective injury, or that the Court erred in granting dismissal for lack of Article III standing. In order to establish standing, Plaintiff must show that she "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, *not conjectural or hypothetical*.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)) (emphasis added). In this case, Plaintiff's alleged harm—even if concrete—is no more than speculative. And a declaratory judgment is meant to "provide conclusive resolution of a concrete controversy *related to a prospective course of action by one of the adverse parties*." *Lutter v. JNESO*, 86 F.4th 111, 129 (3d Cir. 2023) (emphasis added).

In sum, Plaintiff does not identify errors of law or fact that warrant correction and fails to show that the Court's January 2025 Opinion was based on incorrect reasoning or overlooked relevant information.

### *Request to Amend the Complaint*

Plaintiff requests in the alternative an opportunity to file a second amended complaint. Plaintiff seeks to more specifically request as relief the purging of her personnel file—a request that she contends is neither inequitable nor futile. Mov. Br. 4. Rule 15(a), embodying a liberal pleading standard, provides that courts should "freely give" leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Third Circuit, articulating a preference for decisions made on the merits rather than on technicalities, further dictates that amendment should be granted freely. *See Cottrell v. Alcon Lab'ys*, 874 F.3d 154, 164

3

n.7 (3d Cir. 2017) ("Because the absence of standing leaves the court without subject matter jurisdiction to reach a decision on the merits, dismissals 'with prejudice' for lack of standing are generally improper."). But Rule 15 is not limitless and certain circumstances warrant denial of amendment. "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory*, 114 F.3d 1410, 1434 (3d Cir. 1997). At this stage, however, any concerns about futility, undue delay, or potential prejudice to Defendants do not override the "strong liberality" of Rule 15, which is "crafted to focus the analysis on the merits rather than on technicalities." *Ramos v. Walmart Inc.*, No. 21-13827, 2024 WL 4318603, at *4 (D.N.J. Sept. 24, 2024) (internal quotation marks omitted). As such, the Court will permit Plaintiff to file a motion to further amend her pleadings in strict accordance with L. Civ. R. 15.1.

### III. CONCLUSION AND ORDER

For these reasons,

IT IS on this 16 day of April 2025,

**ORDERED** that Plaintiff's motion for reconsideration (ECF No. 57) is **DENIED**; and it is further

**ORDERED** that Plaintiff is permitted to file a motion to further amend her pleadings, consistent with this Opinion *and in strict accordance with L. Civ. R. 15.1*, by no later than **April 29, 2025**; and it is further

**ORDERED** that, in the event Plaintiff files a motion to further amend her pleadings, Defendants may file a brief in opposition to the motion by no later than **May 13, 2025**.

WILLIAM J. MARTINI, U.S.D.J.

4