UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHERYL BOROWSKI,<br><br>Plaintiff,<br><br>v.<br><br>KEAN UNIVERSITY et al.,<br><br>Defendants. | Civ. No. 2:20-cv-5172 (WJM)<br><br>OPINION |

### WILLIAM J. MARTINI, U.S.D.J.

Plaintiff Cheryl Borowski ("Plaintiff"), a former adjunct professor at Kean University, brings this action against the university and related defendants seeking redress under 42 U.S.C. § 1983.[1] Plaintiff alleges that she was unlawfully removed from her teaching position after students reported that she made offensive comments in class and challenges the constitutionality of the state policy under which she was terminated. Plaintiff now moves for leave to file a Second Amended Complaint ("SAC"). ECF No. 65. Defendants oppose, arguing that amendment would be futile. ECF No. 66. For the reasons that follow, Plaintiff's motion to amend is **DENIED**.

### I. BACKGROUND

In May 2016, Plaintiff was named as a respondent in a complaint alleging that she made remarks in class about gender, immigration status, nationality, ethnicity, and religion that were in violation of the New Jersey State Policy Prohibiting Discrimination in the Workplace ("State Workplace Policy"). Kean informed Plaintiff that her teaching contract would not be renewed for the following academic term, and, after an investigation, it sent Plaintiff a final determination letter advising her that it found her remarks to be a violation of the State Workplace Policy. Plaintiff appealed the determination, but the case was ultimately dismissed by an Administrative Law Judge ("ALJ"). On November 23, 2018, a final state agency decision was issued that affirmed the ALJ's ruling and dismissed Plaintiff's appeal for lack of jurisdiction.

The lengthy procedural history of this case is detailed in prior opinions, including the February 15, 2024 Opinion and Order dismissing all of Plaintiff's claims in her original Complaint and the January 23, 2025 Opinion and Order dismissing Plaintiff's First

---

[1] Defendants are Kean University, Dawood Farahi, Charles Williams, Stephen Kubow, Kenneth Green, Faruque Chowdhury, and Allison Chris Myers.

1

Amended Complaint for lack of Article III standing. *See* ECF Nos. 40-41. After the Court granted limited leave to seek further amendment, *see* ECF No. 62, Plaintiff filed the present motion, attaching her proposed SAC. ECF No. 65-2. Aside from two new paragraphs alleging reputational harm from Kean's final determination, the SAC mirrors the prior pleading. *See* SAC ¶¶ 62–63. Defendants oppose the motion on standing grounds and, in the alternative, argue futility under Rule 15(a)(2). Def. Opp. 5, ECF No. 66.

## II. LEGAL STANDARD

Leave to amend is generally granted unless there is: (1) undue delay or prejudice; (2) bad faith; (3) dilatory motive; (4) failure to cure deficiencies through previous amendment; or (5) futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The ultimate decision to grant or deny leave is in the court's discretion. *See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1970). The futility analysis on a motion to amend is essentially the same as a Rule 12(b)(6) motion. *See In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002).

The proposed amended claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The proposed amendment is futile if it is "frivolous or advance[s] a claim or defense that is legally insufficient on its face...." *Rx ReLeaf LLC v. Relief TMS LLC*, No. 23-3551, 2024 WL 4894768, at *6 (D.N.J. Nov. 26, 2024) (citing *Marlowe Patent Holdings LLC v. Dice Electronics, LLC*, 293 F.R.D. 688, 695 (D.N.J. 2013)). The Court accepts well-pleaded factual allegations as true and draws reasonable inferences in Plaintiff's favor, but disregards "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

## III. DISCUSSION

### A. Standing

In the wake of this Court's prior dismissal for lack of Article III standing, the proposed SAC adds two paragraphs alleging that Kean's termination decision has stigmatized Plaintiff and hampered her future employment prospects. *See* SAC ¶¶ 62–63. Such reputational harm allegations, if coupled with a request for expungement or similar prospective relief, can satisfy injury in fact. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338-340 (2016); *Baraka v. McGreevey*, 481 F.3d 187, 208 (3d Cir. 2007). Defendants respond that the records are statutorily confidential and have never been disclosed; any reputational injury, they argue, is conjectural. Def. Opp. 10-12. While the question of Article III standing remains close, the Court will assume *arguendo* that Plaintiff has met the minimal

2

pleading burden and proceeds to the merits.² The dispositive question, therefore, is whether the proposed pleading states a plausible claim; if it does not, Plaintiff's request for leave to file the SAC must be denied as futile. *See City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878 (3d Cir. 2018).

**B. Facial First Amendment Challenge**

Plaintiff asserts that the State Workplace Policy is facially unconstitutional and therefore cannot be used as a basis for disciplining her. A facial attack is notably "the most difficult challenge to mount successfully." *United States v. Salerno*, 481 U.S. 739, 745 (1987). To prevail, a plaintiff must demonstrate that the policy at issue lacks a "plainly legitimate sweep." *Id.*; *Moody v. NetChoice, LLC*, 603 U.S. 707, 723 (2024). The First Amendment relaxes the facial standard slightly: a plaintiff need show only that "a substantial number" of a statute's applications are unconstitutional "in relation to the statute's plainly legitimate sweep." *Moody*, 603 U.S. at 723 (cleaned up). Where, as here, the state acts as employer, courts afford it "broader discretion to restrict speech" in the workplace when it acts in its employer role. *Garcetti v. Ceballos*, 547 U.S. 410, 411 (2006); *see also Pickering v. Bd. of Educ.*, 391 U.S. 563, 568 (1968). Plaintiff argues that the State Workplace Policy is facially unconstitutional for three reasons: (1) it is neither content nor viewpoint neutral; (2) many of its provisions are unconstitutionally vague; and (3) many of its provisions are overbroad. SAC ¶ 58. Each of these theories—content/viewpoint discrimination, vagueness, and overbreadth—miss the mark.

    1.    Content/Viewpoint Neutrality

The State Workplace Policy proscribes treating an individual differently in the workplace based on protected traits, including, *inter alia*, race, creed, color, national origin, ancestry, age, sex/gender, marital status, sexual orientation, disability, or liability for service in the Armed Forces. SAC ¶ 58; State Workplace Policy § II(a), ECF No. 65-4. Plaintiff asserts that various provisions in the State Workplace Policy—including "[u]sing derogatory references with regard to any of the protected categories in any communication"—violate the requirement that speech prohibitions be content and viewpoint neutral. SAC ¶ 58. However, the SAC contains no factual allegations that would permit the Court to reasonably infer that the State Workplace Policy encroaches on any protected speech. The policy regulates only speech by state employees in the course of their duties; when employees speak pursuant to official duties, their speech is generally not protected by the First Amendment. *Garcetti*, 547 U.S. at 421 (2006); *Hill v. Borough of Kutztown*, 455 F.3d 225, 241-42 (3d Cir. 2006).³ This is especially appropriate in a

---

² For present purposes, the Court presumes that the proposed SAC fits within the *Ex parte Young* exception.

³ When public employees speak (i) pursuant to their official duties or (ii) on internal personnel grievances rather than matters of public concern, the First Amendment affords that speech little—if any—protection. *See Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006); *Connick v. Myers*, 461 U.S. 138, 147-48 (1983).

classroom setting, where the state's interest in preserving a respectful learning environment is paramount. *See Borden v. Sch. Dist. of Twp. of E. Brunswick*, 523 F.3d 153, 172 (3d Cir. 2008); *Edwards v. Cal. Univ. of Pa.*, 156 F.3d 488, 491 (3d Cir. 1998). As the State Workplace Policy simply forbids state employees from using discriminatory or harassing language in the workplace and its reasonable extensions—and because that category of speech is not protected by the First Amendment—it does not unlawfully infringe on protected free expression.

2. Vagueness

Plaintiff next contends the State Workplace Policy is impermissibly vague. She specifically alleges that certain undefined terms (e.g., "treat" and "differently") leave state employees without adequate notice of what the policy prohibits. SAC ¶ 58. A statute is unconstitutionally vague only if it "'fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits'" and "'authorizes or even encourages arbitrary and discriminatory enforcement.'" *Hill v. Colorado*, 530 U.S. 703, 732 (2000) (quoting *Chicago v. Morales*, 527 U.S. 41, 56–57 (1999)). Here, the State Workplace Policy's operative terms—"treat" and "differently" or "derogatory" and "demeaning"—are words of common understanding that give persons of ordinary intelligence fair notice of the proscribed conduct and do not invite arbitrary enforcement. *See id.* Further, various examples in the policy illustrate forbidden conduct, such as calling co-workers derogatory nicknames, displaying demeaning images pertaining to protected categories, and suggesting that failure to accept a request for a date would result in adverse employment consequences. *See* State Workplace Policy § II(a), (b). Because the State Workplace Policy sets forth a discernible standard of conduct and the SAC identifies no concrete instances of arbitrary enforcement, Plaintiff's void-for-vagueness challenge fails on the merits.

3. Overbreadth

Plaintiff's final theory is facial overbreadth. SAC ¶ 58. The doctrine is an extraordinary measure invoked sparingly; a law is void only when "a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *United States v. Stevens*, 559 U.S. 460, 473 (2010) (quoting *Washington State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 n.6 (2008)). The State Workplace Policy's core purpose—eradicating discriminatory employment practices—is indisputably legitimate. Plaintiff posits hypothetical scenarios in which co-workers might be chilled from political debate, but the Supreme Court has cautioned against going "beyond the statute's facial requirements and [speculating] about 'hypothetical' or 'imaginary' cases." *Haagensen v. Pennsylvania State Police*, 490 F. App'x 447, 450 (3d Cir. 2012) (quoting *Washington State Grange*, 552 U.S. at 450). Absent concrete allegations that the State Workplace Policy has in practice curbed a substantial volume of protected speech, Plaintiff cannot invoke the "strong medicine" of facial overbreadth. *Broadrick*, 413 U.S. at 613.

## IV. CONCLUSION

For these reasons, Plaintiff's motion to amend (ECF No. 65) is **DENIED** as futile, and the action is **DISMISSED WITH PREJUDICE**. An appropriate Order shall follow.

WILLIAM J. MARTINI, U.S.D.J.

DATE: July 1, 2025